**In the**
# CIRCUIT COURT
**of St. Louis County, Missouri**

Plaintiff(s): Moehle

vs.

Defendant(s): CMI Group

Date: 2/21/12

Case Number: 12SL-AC 01942

Division: 42H

RECEIVED FEB 22 2012
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

For File Stamp Only

## CIVIL ORDER/MEMO

☑ Comes now, __Plaintiff__,
and enters his/her appearance on behalf of Plaintiff/Defendant.

☑ Cause continued to __March 29__ at __9__ (a.m.)/p.m.

for ☐ Plaintiff  ☐ Defendant  ☐ Consent  ☐ Service or Dismissal

for ☐ Trial  ☐ Length of Trial ____ hours/days  ☐ Call Docket

**Party setting cause for trial responsible for notifying opposing party(ies).**

☐ Defendant appears in person and voluntarily enters his/her appearance.
☐ Plaintiff/Defendant requests a Change of Judge.
☐ Plaintiff/Defendant requests a Change of Venue.
☐ Plaintiff/Defendant requests a Jury Trial.
☐ Plaintiff and Defendant waive Jury Trial.
☐ Other: _____

## JUDGMENT

EXHIBIT A

☐ Cause dismissed with/without prejudice at Plaintiff's costs.
☐ Cause called. Parties fail to appear. Cause dismissed with/without prejudice for failure to prosecute.

**SO ORDERED**

Judge/Division: _____
Date: _____

Attorney: _____   Bar No. 57112
Address: 1 North Taylor Ave.
Phone No. (314) 932-1066   Fax No. (314) 667-3161

Attorney: _____   Bar No. _____
Address: _____
Phone No. _____   Fax No. _____

CCAC36a  Rev. 12/02  WHITE – File   YELLOW – Plaintiff's Attorney   PINK – Defendant's Attorney   GOLDENROD – Other



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>SANDRA FARRAGUT-HEMPHILL | Case Number: 12SL-AC01942 |
|---|---|
| Plaintiff/Petitioner:<br>NICHOLAS K MOEHLE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 |
| Defendant/Respondent:<br>THE CMI GROUP INC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>23-FEB-2012 09:00 AM<br>DIVISION 42 H<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to: THE CMI GROUP INC
            Alias:
THE CORPORATION TRUST CO NEVADA
311 S DIVISON STREET
CARSON CITY, NV 89703

**COURT SEAL OF**

You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition. If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____01262012_____                              _____
         Date                                                Clerk

**ST. LOUIS COUNTY**

Further Information:
RMC

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

Subscribed and Sworn to before me this _____ (date).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
(Seal)             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Summons Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | ( ____ miles @ $ . ____ per mile) |
| **Total** | $ _____ | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than thirty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Plaintiff/Petitioner: Moehle, Nicholas

vs.

Defendant/Respondent: The CMI Group, Inc.

Date: 1-17-2012

Case Number: 1922CC00484

Division: 4

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff__ (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Name of Process Server: Richard Proffit / Junes Legal
Address: 630 S 10th St, Ste B Las Vegas, NV 89101
Telephone: (702) 579-63

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
Name: The Corporation Trust Co of Nevada
Address: 311 S. Division Street
City/State/Zip: Carson City, NV 89703

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**

By _____ Deputy Clerk
Date: 1/17/12

Attorney/Plaintiff/Petitioner
Bar No.: 59112
Address: 1 North Taylor Ave St. Louis, MO 63107
Phone No.: 314-932-1000
Fax No.: 314-667-3161

CCADM62   Rev. 03/06   WHITE – File   YELLOW–Special Process Server   PINK – Attorney/Petitioner

IN THE CIRCUIT COURT
ASSOCIATE DIVISION
ST. LOUIS COUNTY
STATE OF MISSOURI

**NICHOLAS K. MOEHLE**  )
  )
Plaintiff,  )
  ) Cause No. 12SLAC01942
v.  )
  ) Division 43H
**THE CMI GROUP, INC.**  )
  )
  )
Defendant.  )
  )
Serve Defendant at:  )
The Corporation Trust Co. of Nevada  )
311 S. Division Street  )
Carson City, NV 89703  )

## PETITION

COMES NOW, Plaintiff, Nicholas K. Moehle, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

3. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

4. Venue is appropriate in this Court because Defendant directed its collection activity to St. Louis County, Missouri and violated the FDCPA and TCPA in St. Louis County, Missouri.

1

## PARTIES

5.     Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt at issue in this action arises out of consumer, family, and household transactions.

6.     Specifically, the debt arose from Plaintiff's supposedly unreturned cable television equipment, and the original creditor is an entity known as "Charter Cable."

7.     Defendant is a Nevada corporation with its principal place of business located Carrollton, Texas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8.     Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

### *Defendant's Telephone Conduct*

9.     Defendant has been engaging in collection activity on Plaintiff's debt for approximately two years from the date of this Petition.

10.    When Plaintiff received his first notice that Defendant was attempting to collect the debt, Plaintiff furnished a detailed written dispute of the debt to Charter and to Defendant within thirty days.

11.    Plaintiff explained in this document that Charter was inappropriately charging Plaintiff for unreturned cable television equipment since Plaintiff did in fact return all of the equipment at the time he cancelled his Charter service.

12.    Despite being in receipt of Plaintiff's written dispute, Defendant pretended that Plaintiff never disputed the debt and did nothing to resolve the dispute.

2

13. Beginning in approximately June, 2011 Defendant began telling Plaintiff that the debt was for unpaid service and not for unreturned equipment. Defendant made this representation to Plaintiff in calls during June, 2011 and December, 2011.

14. This representation was false, and Defendant knew or should have known it was false; in making this misrepresentation, Defendant was trying to dodge Plaintiff's valid dispute.

15. Defendant's collection activity consists of multiple daily calls to Plaintiff's cellular telephone number ending in 8413, despite the fact that Plaintiff has advised Defendant not to call him on his cellular phone.

16. Defendant calls Plaintiff on such a continual basis that Plaintiff's phone rings incessantly; Defendant uses this tactic to harass and intimidate Plaintiff.

17. When contacting Plaintiff, Defendant always identifies itself as "Credit Management" despite the fact that "Credit Management" is not Defendant's actual or business name.

18. On December 27, 2011 Plaintiff returned one of Defendant's many calls.

19. During this conversation, Plaintiff once again raised his dispute with Defendant.

20. Defendant told Plaintiff that he never disputed the debt, which was false.

21. Defendant told Plaintiff that he authorized Defendant to contact Plaintiff via his cellular telephone, which was false.

22. Defendant told Plaintiff that the debt wasn't for unreturned equipment, which was false.

23. Plaintiff again demanded that Defendant cease all calls to his cellular phone, and noted that the calls were harassing and expensive.

24. Defendant took note of Plaintiff's desire not to receive calls on his cellular phone, and told Plaintiff that his number would be removed from Defendant's system.

3

25. Defendant also told Plaintiff that Defendant would send Plaintiff a form so that Plaintiff could re-file his dispute with Defendant.

26. Defendant, despite making these promises to Plaintiff, resumed calling Plaintiff's cellular phone almost immediately thereafter.

27. Defendant did not send Plaintiff a form so that Plaintiff could re-file his dispute; Defendant merely sent Plaintiff a dunning letter demanding the balance in full.

28. On January 5, 2012, Plaintiff returned one of Defendant's calls.

29. During this call, Defendant told Plaintiff that because he disputed the debt, his request not be called on his cell phone could not be honored for reasons that were not clear to Plaintiff. This was false; Defendant simply wanted to continue to harass Plaintiff.

30. Defendant used an automatic telephone dialing system, as defined by 47 USC 227(a)(1), to make all of its calls Plaintiff's cellular phone.

31. Upon information and belief, Defendant calls Plaintiff using multiple outgoing numbers including but not limited to 314-260-7797 so that Plaintiff will not be able to tell that it is Defendant making the calls.

32. Defendant uses the 314 area code number to make it appear that it is "local" when in fact Defendant is located in Texas; Defendant engages in this subterfuge in order to dupe Plaintiff into picking up the phone.

33. Defendant's calls were not for an emergency purpose and Plaintiff never authorized Defendant to contact his cell phone.

34. Plaintiff was charged for Defendant's phone calls.

35. All of Defendant's above described conduct caused Plaintiff to become stressed, deprived Plaintiff of sleep, and caused Plaintiff to suffer considerable emotional distress.

36. Defendant's conduct caused Plaintiff to incur actual monetary damages including but not limited to cellular telephone bills and charges.

**COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

 a. Defendant failed to accurately identify itself. 15 U.S.C. §1692d,e;

 b. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, including but not limited to telling multiple lies to Plaintiff and causing Plaintiff's phone to ring incessantly. 15 U.S.C. § 1692d-f;

 c. Defendant communicated a false impression of the character, amount and legal status of the debt. 15 U.S.C. §1692e;

 d. Defendant used unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

 e. Defendant caused Plaintiff to incur charges by concealment including but not limited to cellular telephone charges. 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and in favor of Plaintiff for:

 A. Judgment that Defendant's conduct violated the FDCPA;

 B. Actual damages;

 C. Attorneys' Fees;

 D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

 E. For such other relief as the Court may deem just and proper.

**COUNT II: VIOLATION OF THE TCPA**

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

5

40.  In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.  Placing numerous autodialed non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, in violation of 47 USC 227(b)(1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and in favor of Plaintiff for:

A.  Judgment that Defendant's conduct violated the TCPA;

B.  Actual damages;

C.  Attorneys' Fees;

D.  Statutory damages pursuant to 47 USC (b)(3); and

E.  For such other relief as the Court may deem just and proper.


EASON & VOYTAS, LLC

JAMES W. EASON, #57112
RICHARD A. VOYTAS, JR. #52046
Eason & Voytas, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444;(314) 600-3323
Fax:    (314) 667-3161